UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justin Lindsey,

    Plaintiff,

    v.

Tire Discounters, Inc.,

    Defendant.

Case No. 2:15-cv-3065

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This FLSA case began with agreed conditional certification, but Justin Lindsey ("Lindsey") is currently the only remaining plaintiff. Order, ECF No. 21. As the parties well know, this Court eventually de-certified the case as a collective action, Order, ECF No. 99, resulting in eighty former opt-ins joining as named plaintiffs in a new FLSA action, Am. Compl., *Kozusco v. Tire Discounters*, 2:18-cv-86, ECF No. 18. When this Court determined that those named plaintiffs were improperly joined in the *Kuzusko* case, *see* Order, ECF No. 43 (Case No. 2:18-cv-86), some elected to file individual suits in different district courts, and others re-filed separate lawsuits in this Court.[1] The parties now move for approval of a global settlement for all eighty plaintiffs who originally opted into the *Lindsey* lawsuit during the period of conditional certification (and for Lindsey). Joint Mot., ECF No. 148.

---

[1] Case Nos. 2:21-cv-4817; 2:21-cv-4813; 2:21-cv-4815; and 2:21-cv-4841.

The Court has reviewed the Settlement Agreement, ECF No. 148-1, and motion for settlement approval, Joint Mot., ECF No. 148.  Applying the law applicable to FLSA settlements, the Court finds the substance of the proposed settlement to be a fair, reasonable, and adequate resolution of a bona fide legal dispute and that the five traditionally considered factors support approval. *E.g.*, *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under a prior version of Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement); *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted) (listing five factors for courts to consider when scrutinizing FLSA settlements for approval).

Whether Lindsey and the other plaintiffs were properly categorized as exempt employees in their capacities as Service Managers is hotly debated between the parties, and there is thus clearly a bona fide legal dispute.  Further, the settlement (which allocates an award for backpay to each plaintiff based upon that plaintiff's specific employment records) represents approximately 60% of the alleged overtime wages over a *three-year* look-back period, despite the parties contesting whether a two- or three-year statute of limitation would apply in these cases.  As the motion notes, a 60% recovery with a generous three-year statute of limitations application is in line with other settlement amounts that this

Court has previously approved.  See *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2–4 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages).  The settlement thus seems both fair and reasonable.

Turning to the five supporting factors, there is first no indication of fraud or collusion—indeed, the parties litigious, lengthy history of litigation dispels any notion of fraud.  Second, the procedural posture of this case proves that continued litigation would be complex, expensive, and (especially given the number of plaintiffs involved), lengthy.

Third, the parties have exchanged extensive discovery that includes the taking of multiple depositions, which shows that the settlement was reached based upon a full gathering of factual information pertinent to the cases.  Fourth, the parties acknowledge that Plaintiffs' likelihood of success on the merits of the FLSA issue (not to mention the certification issue) is precarious.  Fifth, the public interest favors settlement of claims.

In addition, the Court has scrutinized the attorney's fees to be awarded in this case and finds them reasonable given the result achieved for Plaintiffs and the time and effort Plaintiffs' counsel has invested in these cases over the years.

Nonetheless, the Court **DENIES** the parties' joint motion **WITHOUT PREJUDICE** and specifically denies authorization of the Notice of Settlement and declines to approve the "back of check" release language.

The parties seek recertification of a collective action for settlement purposes only. They argue that "this settlement is no different than any other post-certification collective action settlement. All opt-ins have already consented to join the action and have granted the Named Plaintiff the authority to resolve these claims on their behalf." Mot. Approve 7 n. 4, ECF No. 148.

To the contrary, at this stage, no individual plaintiff has granted Lindsey authority to settle his or her claims. The original eighty opt-ins are no longer parties to the *Lindsey* matter; their claims were dismissed. Order 41, ECF No. 99, Case No. 2:15-cv-3065. Any authority they previously granted Lindsey no longer exists.

Moreover, the Court made specific findings in its decertification Order that the Plaintiffs are *not* similarly situated. The parties cannot undo the Court's conclusions by agreement, and the Court will not accept a fiction to facilitate settlement logistics.

At bottom, the parties ask this Court to approve a settlement that will bind individually named plaintiffs, who are pursuing their *own individual* cases—some in courts other than this one—to a settlement reached by a different plaintiff in a different case, and to which they will have no opportunity to opt out. The Court will not do so. Each Plaintiff is currently the decisionmaker in his or her individual case and, as such, must specifically approve of any settlement before that case is terminated.

Relatedly, the Court will not approve mere "back of the check" release language.

Accordingly, should the parties desire Court approval of the settlement, they must demonstrate that each Plaintiff whose case will be terminated in this Court has been given a copy of the Settlement Agreement and has affirmatively signed the same. Upon obtaining those signatures, the parties should move for approval of the Settlement Agreement in each case pending before this Court.

Alternatively, as the Court has concluded that the substance of the settlement is fair, the Court will permit termination of the cases currently assigned to the Undersigned without further Court approval, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Thus, the parties may file a stipulated dismissal in each case pending before the Undersigned that is signed by both all Plaintiff(s) named in that case and Defendant. Such a filing will be self-effectuating without further action from the Court.

In no event will this Court approve the settlement or dismissal of claims currently pending in other courts.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**